IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELYN KSAIZKIEWICZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROCKET MORTGAGE, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff Jacquelyn Ksaizkiewicz brings this action to recover damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and implementing FCC regulations, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2. Plaintiff complains that Defendant Rocket Mortgage, LLC placed numerous telemarketing calls to Plaintiff even though she had directed Defendant to stop calling, invading her privacy and causing the loss of time and money.

3. In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA and implementing FCC regulations afford special protections for people who direct telemarketers to stop calling. A telemarketer who is told to stop calling is required to maintain an internal "do not call" list and not call persons on it.

5. The TCPA provides that each person who receives more than one call 30 days or more after directing the caller to stop calling is entitled to recover damages of at least $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

6. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index,

https://robocallindex.com/history/time (last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

8. Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendant has committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

9. Venue in this District is proper for the same reason.

10. The receipt of numerous unwanted telemarketing calls satisfies Article III. *Gadelhak v. AT&T Servs.*, 950 F.3d 458 (7th Cir. 2020)

## PARTIES

11. Plaintiff Jacquelyn Ksaizkiewicz is a resident of Crystal Lake, Illinois.

12. Plaintiff has a cell phone ending in 8820.

13. Plaintiff is a subscriber on her cell phone plan and pays for the plan.

14. The majority of the calls made from and received on the phone are non-business calls. The phone is therefore "residential."

15. Defendant Rocket Mortgage, LLC is a Michigan limited liability company with its principal office at 1050 Woodward Ave., Detroit, MI 48226. It does business in Illinois. Its registered agent and office is C T Corporation System, 208 S. La Salle St., Suite 814, Chicago, IL 60604.

## FACTS

16. In December 2021, Plaintiff contacted Rocket Mortgage, LLC regarding refinancing her home.

17. Plaintiff chose to do business with a different company and so informed Rocket Mortgage, LLC.

18. Thereafter, Rocket Mortgage, LLC placed multiple calls and transmitted multiple text messages to Plaintiff's cell phone.

19. The calls and text messages offer financing, which Plaintiff no longer wants or needs.

20. Rocket Mortgage, LLC places three to four calls per day.

21. The calls sometimes begin with an automated voice. When Plaintiff answers, she is transferred to a live person.

22. In February 2022, Plaintiff told Rocket Mortgage, LLC that its calls were harassing and to stop calling. Plaintiff repeated the instruction to stop calling whenever she reached a live person.

23. The calls and text messages continued unabated from March 2022 to present.

24. Plaintiff has received more than 20 calls and 4-5 text messages since 30 days after telling Rocket Mortgage, LLC to stop.

25. Plaintiff did not consent to such calls or text messages.

26. Unless enjoined, Defendant will continue to place such calls and text messages.

27. Defendant's conduct violated the privacy rights of Plaintiff, in that she was subjected to annoying and harassing calls and text messages. Defendant's calls and text messages intruded upon the rights of Plaintiff to be free from invasion of her interest in seclusion.

28. Defendant Rocket Mortgage, LLC's conduct harassed Plaintiff and wasted her time, in that she had to devote energy to answering, addressing and/or otherwise responding to numerous unwanted calls and text messages.

29. In addition to Plaintiff's time, the unwanted calls and text messages caused Plaintiff to suffer monetary loss in that the calls:

    a. Cost money to receive,

    b. Caused reduction and loss of battery life,

  c. Cost electricity required to recharge the cell phone, and

  d. Are annoying.

30. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶165) (2003).

31. Defendant Rocket Mortgage, LLC has been sued for telemarketing violations prior to and during the violations complained of herein. E.g.:

  a. *Shirley v. Rocket Mortg.*, 2:21cv13007, 2022 U.S. Dist. LEXIS 119855 (E.D. Mich. July 7, 2022).

  b. *Marous v. Rocket Mortgage, LLC*, 1:22cv00006 (N.D.Fla.)

  c. *Korf v. Rocket Mortgage, LLC*, 1:22cv20833 (S.D.Fla.).

  d. *Laccinole v. Rocket Mortgage, LLC*, 21-478 (D.R.I.).

32. The continued illegal telemarketing conduct of Defendant Rocket Mortgage, LLC experienced by Plaintiff was wilful and malicious.

## COUNT I – TCPA

33. Plaintiff incorporates paragraphs 1-32.

34. The TCPA and implementing FCC regulations provide that is a violation of the law for a person who directs a telemarketer to stop calling to fail to honor such request within a reasonable time, not exceeding 30 days and thereafter place more than one phone call "within any 12-month period by or on behalf of the same entity." See 47 U.S.C. §§227(c)(1), (c)(5); 47 C.F.R. §64.1200(d).

35. 47 C.F.R. §64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

4

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

36. Statutory damages for each call and/or text message placed in violation of these restrictions are $500 per call and/or text message and up to $1,500 per call and/or text message if the violation is determined to be willful. See 47 U.S.C. §227(c)(5).

37. By making repeated calls and transmitting repeated text messages to Plaintiff's phone more than 30 days after she directed Defendant to stop contacting her, Defendant Rocket Mortgage, LLC violated the TCPA and the implementing regulations.

38. The TCPA also makes it unlawful to place calls to a cell phone using a pre-recorded or computer-generated voice.

39. 47 U.S.C. §227(b) provides:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

    (A)    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

        (iii)    to any telephone number assigned to a . . . cellular telephone service.
. . .

40. Statutory damages for each call placed in violation of these restrictions are $500 per

call and up to $1,500 per call if the violation is determined to be willful. See 47 U.S.C. §227(b)(3).

41. By making calls to Plaintiff's cell phone using a pre-recorded or computer-generated voice, violated the TCPA.

42. In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA and regulations.

WHEREFORE Plaintiff requests the Court grant the following relief:

    i. Statutory damages of $1500 per call;

    ii. An injunction against further calls;

    iii. Costs;

    iv. Such other or further relief as is proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

43. Plaintiff incorporates paragraphs 1-32.

44. Defendant engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by repeatedly calling Plaintiff after she requested that Defendant does not call her and by using a pre-recorded or computer-generated voice to do so.

45. Defendant Rocket Mortgage, LLC engaged in such practices in the course of trade and commerce.

46. Plaintiff suffered pecuniary loss as a result.

WHEREFORE Plaintiff requests the Court grant the following relief:

    i. Actual damages;

    ii. Punitive damages;

    iii. An injunction against further calls;

    iv. Attorney's fees, litigation expenses and costs;

    v. Such other or further relief as is proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Heather Kolbus (ARDC 6278239)
Stephen J. Pigozzi (ARDC 6331482)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Heather Kolbus (ARDC 6278239)
Stephen J. Pigozzi (ARDC 6331482)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Daniel A. Edelman*
Daniel A. Edelman